UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nova Oculus Partners, LLC, Nova            Civ. No. 17-4295 (PAM/SER)
Oculus Holding Co., Inc., Nova Oculus
Canada Manufacturing ULC, and AMC
Holding Company, LLC,

                   Plaintiffs,

v.                            **MEMORANDUM AND ORDER**

Amerivision International, Inc., Blair
Mowery, Marshall Masko, and John
Jarding,

                   Defendants.

---

This matter is before Court on a Motion to Dismiss and a Motion for Partial Summary Judgment. For the following reasons, the Motions are denied.

**BACKGROUND**

This case involves the alleged misappropriation of the trade secrets of a company called Acuity Medical International. Acuity was a South Dakota company that developed a device for treating the dry version of age-related macular degeneration. Defendant Dr. John Jarding is an optometrist who founded Acuity and acted variously as its Chief Medical Officer, science advisor, board member, and Vice Chairman. (Am. Compl. (Docket No. 25) ¶¶ 2, 9.) Defendants Blair Mowery and Marshall Masko worked at Acuity as the Chief Financial Officer and Chief Marketing Officer, respectively, starting in February 2010. (Id. ¶ 2.) Jarding is a resident of South Dakota; both Mowery and Masko live and work in Minnesota.

Acuity was never able to bring its device to market and it entered bankruptcy proceedings in 2015. During the bankruptcy, Mowery and Masko attempted to raise funds to purchase Acuity's assets, and were elected to the company's board of directors. (Id. ¶ 30.) They were unsuccessful in their attempt to rescue the company, however, and Plaintiffs ultimately purchased Acuity's assets as part of the bankruptcy proceeding.

Plaintiffs allege that Jarding, Mowery, and Masko filed applications for two patents in September 2015 using Acuity's intellectual property. (Id. ¶ 39.) In November 2015, the three individual Defendants formed Defendant Amerivision International, Inc., to "develop[] therapy and treatment related to dry AMD." (Id. ¶ 6.) In July and September 2016, one or more Defendants filed two additional patent applications. (Id. ¶ 39.) Defendants assigned the patent applications to Amerivision. (Id.)

Plaintiffs filed this lawsuit on September 18, 2017, claiming misappropriation of trade secrets under federal and state law, breach of contract, unjust enrichment, conversion, and a violation of Minnesota's Unfair and Deceptive Trade Practices Act. Defendants Mowery, Masko, and Amerivision ask the Court to dismiss the trade-secrets claims as time-barred, and Defendant Jarding contends that the Court lacks personal jurisdiction over him.

**DISCUSSION**

**A.    Personal Jurisdiction**

The Court can exercise personal jurisdiction over a nonresident defendant if (1) Minnesota's long-arm statute, Minn. Stat. § 543.19, is satisfied; and (2) the exercise of personal jurisdiction does not offend due process. Stanton v. St. Jude Med., Inc., 340

2

F.3d 690, 693 (8th Cir. 2003).   Because Minnesota's long-arm statute extends the personal jurisdiction of Minnesota courts as far as due process allows, see e.g., In re Minn. Asbestos Litig., 552 N.W.2d 242, 246 (Minn.1996), the Court need only evaluate whether the exercise of personal jurisdiction comports with the requirements of due process.  See Guinness Import Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 614 (8th Cir. 1998).

Due process requires that the defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted).   Sufficient minimum contacts exist when the "defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  There must be some act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). In contrast, contacts that are merely random, fortuitous, attenuated, or that are the result of "unilateral activity of another party or a third person" will not support personal jurisdiction.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citation omitted).

To determine the sufficiency of a defendant's conduct with the forum state, the Court examines five factors: (1) the nature and quality of the contacts; (2) the quantity of the contacts; (3) the relation between the contacts and the action; (4) the forum state's

interest in the litigation; and (5) the convenience of the parties.  Epps v. Stewart Info.
Servs. Corp., 327 F.3d 642, 648 (8th Cir. 2003).  The third factor distinguishes between
general and specific jurisdiction.  Wessels, Arnold & Henderson v. Nat'l Med. Waste,
Inc., 65 F.3d 1427, 1432 & n.4 (8th Cir. 1995).  General jurisdiction is present whenever
a defendant's contacts with the forum state are so "continuous and systematic" that it may
be sued in the forum over any controversy, independent of whether the cause of action
has any relationship to the defendant's activities within the state.  Helicopteros
Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984).  Specific jurisdiction
refers to jurisdiction over causes of action arising from or related to the defendant's
actions within the forum state.  Burger King, 471 U.S. at 472-73.  The fourth and fifth
factors are secondary to the analysis.  Minn. Mining & Mfg. Co. v. Nippon Carbide
Indus. Co., 63 F.3d 694, 697 (8th Cir. 1995).  Finally, in examining these factors, the
Court may consider matters outside the pleadings.  See Stevens v. Redwing, 146 F.3d
538, 543, 546 (8th Cir. 1998).

Jarding argues that the only basis for the exercise of jurisdiction over him is that
he owns a small percentage of Amerivision, and Amerivision is a Minnesota company.
But there are many other bases for exercising jurisdiction here.  First, Jarding admittedly
traveled to Minnesota to meet with Mowery and Masko at Acuity's Minnesota office.  In
addition, this action arises out of Jarding's patent applications, which were assigned to
Amerivision, a Minnesota company.  And Jarding used Minnesota attorneys to pursue the
patent applications.  Thus, Plaintiffs have sufficiently alleged the existence of specific
jurisdiction such that Jarding should have reasonably anticipated being haled into court in

4

Minnesota for his role in the alleged trade-secret misappropriation that is the subject of this lawsuit.  Jarding's Motion is denied.

## B.      Statute of Limitations

The statute of limitations for misappropriation of trade secrets under federal and Minnesota law is three years.  18 U.S.C. § 1836(d); Minn. Stat. § 325C.06.  Defendants claim that, as of December 2013, when Acuity terminated Mowery and Masko's employment contracts, Acuity knew that these individuals possessed Acuity's trade secrets.  And in April 2014, Acuity's Board ostensibly discussed Mowery and Masko misappropriating Acuity's trade secrets.  Thus, according to Defendants, Plaintiffs should have filed suit no later than April 2017.

But "the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008).  Despite Defendants' attempts to portray the Amended Complaint as establishing Acuity's knowledge of potential trade-secret misappropriation in late 2013 or early 2014, the facts alleged simply do not unequivocally establish any such knowledge.  For example, Acuity's December 2013 demand that Mowery and Masko return all intellectual property is just that—a demand. It is not evidence that Acuity believed that Mowery and Masko were at that time misusing Acuity's intellectual property.  Moreover, the affidavit of Acuity Board member Joshua Sharlin, even if properly considered when evaluating this Motion, does not establish that Acuity was aware in April 2014 that these Defendants misappropriated trade secrets.  Indeed, such an inference is belied by the fact that these Defendants were,

shortly thereafter, elected to Acuity's Board and were trying to recapitalize Acuity to keep it from being dismantled in bankruptcy. Finally, Plaintiffs point out that the patent applications that form the basis for the trade-secret claims were not filed until September 2015 at the earliest, well within the statute of limitations, and were not made public until March 2017, only six months before the lawsuit was filed.

There are disputes of fact as to when the alleged misappropriations came to light. Thus, at this stage, dismissal on the basis of the statute of limitations is not appropriate.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.      Defendant's Motion to Dismiss (Docket No. 33) is **DENIED**; and

2.      Defendants' Motion for Partial Summary Judgment (Docket No. 40) is **DENIED**.

Dated:   March 20, 2018

                                    *s/Paul A. Magnuson*
                                    Paul A. Magnuson
                                    United States District Court Judge